UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IAN BLAKEY; | ) |
|       Plaintiff, | ) No. 07 C 1880 |
| vs. | ) |
| | ) Judge Darrah |
| CITY OF CHICAGO, | ) Magistrate Judge Mason |
| A Municipal Corporation; | ) |
| PHILIP CLINE, Former Superintendent of the | ) |
| Chicago Police Department; and | ) |
| Chicago Police Officers | ) |
| KEITH HERRERA, Star 17289; and | ) |
| STEPHEN DEL BOSQUE, Star 15332; | ) |
|       Defendants. | ) |

**FIRST AMENDED COMPLAINT**

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

**Parties**

4. Plaintiff is a citizen of the United States, and a resident of the city of Chicago.

5. Defendant police officers are duly appointed and sworn city of Chicago police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

6. The Defendant-Officers are sued in their individual capacities.

7. Defendant PHILIP CLINE is the superintendent of the Chicago Police Department. He is sued in his official and individual capacity.

8. The CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

9.     This case involves allegations against police officers who worked in the Special Operations Section (SOS) of the Chicago Police Department. The incident alleged below was part of a pattern and practice of gross abuse of power by SOS officers, who essentially ran a robbery ring which entailed making false arrests; illegal searches of people's homes, vehicles, and persons; illegally entering people's homes; stealing narcotics, jewelry, weapons, money (hundreds of thousands of dollars) and other valuables; planting drugs on innocent people; as well as physical abuse, intimidation, and threats.

After an alleged internal investigation that suspiciously took several years (which allowed the rogue officers to remain on the street and continue their reign of terror), on September 8, 2006, four Special Operations Section officers were finally arrested: Jerome Finnigan, Thomas Sherry, Carl Suchocki, and KEITH HERRERA, a Defendant in this case. These officers were charged with a long list of felonies, including, *inter alia*, multiple counts of home invasion, armed violence, aggravated kidnaping, narcotics delivery, burglary, and official misconduct. The criminal conduct took place over a period of several years from about 2002 to 2005, and involved about 14 different incidents. Following the arrests, bond for Defendant KEITH HERRERA was set at $3,000,000.00; bond for Jerome Finnigan was set at $3,000,000.00; bond for Thomas Sherry was set at $2,000,000.00; and bond for Carl Suchocki was set at $1,500,000.00.

After these initial charges, the investigation continued. More than a dozen police officers testified before the Cook County grand jury and implicated the charged SOS officers for the conduct described above. These police officers undoubtedly feared that they also would be prosecuted, and broke the sacred CPD code of silence.

On or about December 4, 2006, additional charges led to the arrest of three more SOS officers: Frank Villareal, Margaret Hopkins, and James McGovern. Also, even more charges were filed against KEITH HERRERA, Jerome Finnigan, Thomas Sherry and Carl Suchocki. The second round of charges were similar to the first, and included, *inter alia*, multiple counts of home invasion, armed violence, aggravated kidnaping, narcotics delivery, burglary, and official misconduct.

**Facts**

10.     On or about May 19, 2006, at about 10:00 p.m., at or near 3220 West Walnut in the city of Chicago, Plaintiff was walking back from a trip to the store.

11.     At said time and place, several police officers stopped and started harassing and

searching people.

12. Defendant-Officer STEPHEN DEL BOSQUE grabbed Plaintiff and told him to put his arms around his back. Plaintiff asked why he was being stopped. DEL BOSQUE responded, "Shut the fuck up bitch," and handcuffed Plaintiff.

13. After Plaintiff was handcuffed, Defendant-Officer KEITH HERRERA struck Plaintiff in his right eye with his elbow.

14. Defendant HERRERA then began to choke Plaintiff from behind with an object, probably a baton.

15. While he was being choked, Plaintiff was struck several times on his side.

16. While he was being choked and beaten, Plaintiff repeatedly stated that he could not breathe.

17. Several Defendant-Officers dragged Plaintiff to a police car.

18. While he was on the ground, Defendant-Officers repeatedly kicked and further beat on Plaintiff.

19. Defendant HERRERA punched Plaintiff in both eyes. As he was punching Plaintiff, HERRERA stated, "How's that feel fucking bitch, you fucking nigger."

20. Plaintiff was taken to a police station and charged with soliciting unlawful business (Cook County Circuit Court case number 06 MC1 246938).

21. Defendant-Officers DEL BOSQUE and HERRERA prepared police reports falsely claiming that they arrested Plaintiff for yelling "I got rocks" at passing cars.

22. After Plaintiff was arrested, a custodial search revealed that he did not have any narcotics or contraband on his person.

23. After Plaintiff was released from police custody on May 20, 2006, he went to a hospital for medical attention for the injuries he sustained from the beating described above.

24. After several continuances, on August 30, 2006, the case against Plaintiff was dismissed as the Defendant-Officers did not appear in court.

25. For at least several years before this incident, Defendant CLINE was on notice about the criminal conduct and repeated gross violations of citizens constitutional rights by certain officers in the SOS unit, including Defendant HERRERA, but chose to allow the officers to remain on the street with their guns and badges free to terrorize others.

26. As supervisor, Defendant CLINE had the opportunity to take measures which

would prevent the rogue SOS officers from continuing their reign of terror, but chose not to do so. Defendant CLINE was deliberately indifferent to the rights of Plaintiffs by allowing the rogue SOS officers to remain on the street. Thus, Defendant CLINE tacitly encouraged the conduct at issue in this case

27. Defendant CLINE condoned, ratified, and encouraged the false arrest of Plaintiff and use of excessive force by failing to properly control and supervise the rogue SOS officers, and by failing to establish procedures to prevent future repeat-offenders.

28. Defendant CLINE's acts and omissions were the product of his reckless and callous indifference to Plaintiff's constitutional rights.

29. Each individual Defendant acted willfully, wantonly, maliciously, oppressively, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

30. As a direct and proximate result of the acts of the Defendants described above, Plaintiff has suffered and continues to suffer damages including loss of physical liberty, emotional distress, physical pain and suffering, mental anguish and humiliation, and monetary losses including medical expenses.

## COUNT I
### (42 U.S.C. § 1983 – False Arrest/Imprisonment)

31. Plaintiff realleges paragraphs 1 through 30 as if fully set forth herein.

32. The actions of Defendant-Officers HERRERA and DEL BOSQUE in arresting Plaintiff without any legal justification or probable cause, violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendants HERRERA and DEL BOSQUE ;

b) Award Plaintiff compensatory and punitive damages, as determined at trial;

c) Award Plaintiff attorney's fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT II
### (42 U.S.C. § 1983 – Excessive Force)

33. Plaintiff realleges paragraphs 1 through 30 as if fully set forth herein.

34. The actions of Defendants HERRERA and DEL BOSQUE violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendants HERRERA and DEL BOSQUE;
b) Award Plaintiff compensatory and punitive damages, as determined at trial;
c) Award Plaintiff attorney's fees and costs;
d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT III
### (42 U.S.C. § 1983 – Failure to Intervene)

35. Plaintiff realleges paragraphs 1 through 30 as if fully set forth herein.

36. While Plaintiff was subjected to excessive force as described above, Defendant-Officers had an opportunity to intervene, but chose not to intervene.

37. Said Defendant-Officers were deliberately indifferent to Plaintiff's right to be free from excessive and unreasonable force, in violation of the Fourth Amendment, as guaranteed by the Fourteenth Amendment.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendants HERRERA and DEL BOSQUE;
b) Award Plaintiff compensatory and punitive damages, as determined at trial;
c) Award Plaintiff attorney's fees and costs;
d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT IV
### (Supervisory Liability)

38. Plaintiff realleges paragraphs 1 through 30 as if fully set forth herein.

39. At all relevant times, Defendant CLINE was the Superintendent of the Chicago

5

Police Department.

40. Defendant CLINE had actual knowledge and notice of the widespread gross abuses of power by the Special Operations Section of the Chicago Police Department but failed to act.

41. Defendant CLINE's failure to act amounted to deliberate indifference to Plaintiff's constitutional rights.

42. Defendant CLINE's actions and omissions were the proximate cause of the injuries and damages suffered by Plaintiff.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant CLINE,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT V
### (42 U.S.C. § 1983 – *Monell* Claim against the CITY OF CHICAGO)

43. Plaintiff realleges all of the above paragraphs and counts, as if fully set forth herein.

44. At all times material to this Complaint, there existed in the Special Operations Section of the Chicago Police Department the following practices, policies and customs:

   a. False arrests, use of excessive force, and conducting illegal searches,

   b. failure to adequately train, supervise and discipline police officers,

45. The actions of the Defendant-Officers as alleged in this Complaint were done pursuant to, and as a result of, one or more of the above *de facto* practices, policies and customs of the CITY OF CHICAGO, the Chicago Police Department, and its police officers.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against the CITY OF CHICAGO;

b) Award Plaintiff compensatory damages, as determined at trial;

c) Award Plaintiff attorney's fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT VI
### (State Law Claim for Malicious Prosecution)

46.    Plaintiff realleges paragraphs 1 through 30 as if fully set forth herein.

47.    Defendant-Officers DEL BOSQUE and HERRERA instituted charges against Plaintiff for soliciting unlawful business.

48.    There was not probable cause for such charges.

49.    The charges were dismissed.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)    Enter judgment against Defendant-Officers DEL BOSQUE and HERRERA;

b)    Award Plaintiff compensatory and punitive damages, as determined at trial;

c)    Award Plaintiff costs;

d)    Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT VII
### (State Law Claim for Intentional Infliction of Emotional Distress)

50.    Plaintiff realleges paragraphs 1 through 30 as if fully set forth herein.

51.    Defendants DEL BOSQUE and HERRERA conduct was extreme and outrageous.

52.    DEL BOSQUE and HERRERA intended to inflict severe emotional distress, or knew that there was a high probability that their conduct would inflict severe emotional distress.

53.    DEL BOSQUE and HERRERA's conduct caused Plaintiff severe emotional distress.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)    Enter judgment against Defendants DEL BOSQUE and HERRERA;

b)    Award Plaintiff compensatory and punitive damages, as determined at trial;

c)    Award Plaintiff costs;

d)    Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT VIII
### (State Law *Respondeat Superior* Claim)

54. The acts of the individual Defendants described in the supplementary state claims specified above were willful and wanton, and committed in the scope of their employment.

55. Pursuant to *respondeat superior*, Defendant CITY OF CHICAGO, as principal, is liable for its agents' actions.

WHEREFORE, Plaintiff demands judgment against the CITY OF CHICAGO, and such other and additional relief that this Honorable Court deems just and equitable.

## COUNT IX
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

56. Plaintiff realleges all of the above paragraphs and counts as if fully set forth herein.

57. The acts of the individual Defendants described in the above claims were willful and wanton, and committed in the scope of their employment.

58. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the actions of the Defendants.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant CITY OF CHICAGO to indemnify the Defendants for any judgment entered in this case arising from their actions.

**Plaintiff demands trial by jury on all counts.**

Respectfully submitted,

/s/ Lawrence V. Jackowiak
*Counsel for the Plaintiff*

Lawrence V. Jackowiak
Louis J. Meyer
Daniel P. Kiss
Law Offices of Lawrence V. Jackowiak
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595