UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IAN BLAKEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07 CV 1880 |
| | ) | |
| CITY OF CHICAGO, | ) | Judge John W. Darrah |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Ian Blakey, brings this Complaint against Defendant, City of Chicago, based on the events that occurred on May 19, 2006. Defendant moves to dismiss Count V of the Third-Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons stated below, the motion is granted.

## BACKGROUND

On the evening of May 19, 2006, Ian Blakey was stopped by several police officers near 3220 West Walnut in Chicago, Illinois. After questioning Blakey, an altercation occurred between Blakely and the police, resulting in Blakey's arrest. Subsequently, Blakey was taken to the police station and charged with soliciting unlawful business. After his release from the police station, Blakey sought medical attention at a local hospital. On August 30, 2006, the case against Blakey was dropped because the arresting officers did not appear in court.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) evaluates the legal sufficiency of a plaintiff's complaint. Dismissal is warranted under Federal Rule of Civil Procedure 12(b)(6) if the factual allegations of the complaint, viewed in the light most favorable to the plaintiff, do not plausibly entitle the plaintiff to relief. *Bell Atlantic Corp v. Twombly*, 550 U.S. 561-62 (2007) (*Bell Atlantic*). In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations are accepted as true and all reasonable inferences are construed in favor of the plaintiff. *Sprint Spectrum L.P. v. City of Carmel, Indiana*, 361 F.3d 998, 1001 (7th Cir 2004). To state a claim upon which relief can be granted, a plaintiff must satisfy two conditions: first, the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests; and, second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level. *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007) (citing *Bell Atlantic*, 550 U.S. 561-62). If the complaint fails to provide such allegations, "the plaintiff pleads itself out of court." *Id.*

## ANALYSIS

Defendant contends that Plaintiff has failed to adequately plead Count V of his Third-Amended Complaint against the City of Chicago based on the alleged conduct of the police.

In order to state such a claim (a "*Monell*" claim), a plaintiff must show three elements: (1) a violation of his constitutional rights; (2) an injury; and (3) that the injury and violation of rights was directly caused by the defendant's own action or inaction that

carried the requisite degree of fault. *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978) (*Monell*). More recently, the Supreme Court clarified the elements necessary to adequately state a *Monell* claim – the plaintiff must demonstrate that "through its deliberate conduct, the municipality was the moving force behind the injury alleged." *Board of County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 40 (1997). Moreover, the plaintiff must plead that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights. *Id.*, at 404. In order to establish causation, the Seventh Circuit has held that the plaintiff must allege that: (1) the defendant had an express policy that caused a constitutional deprivation when enforced; (2) the defendant had a widespread practice that was so permanent and well-settled as to constitute a custom or usage with the force of law, even though there was no express municipal policy or law authorizing the practice; or (3) the constitutional injury was caused by an official who had "final policymaking authority." *McCormick v. City of Chicago*, 230 F.3d 319, 323-24 (7th Cir. 2000).

Defendant points to the recent Supreme Court decision of *Ashcroft v Iqbal*, __ U.S. __, 129 S.Ct. 1937 (2009) (*Iqbal*), to further clarify the *Monell* pleading standards. Bare assertions, amounting to nothing more than "labels and conclusions," or a "formulaic recitation of the elements," of a constitutional claim are conclusory and not entitled to be assumed true. *Iqbal*, 129 S. Ct. at 1949 (citing *Bell Atlantic*, 550 U.S. at 554-55). The allegations do not suffice if they tender "naked assertions," devoid of "further factual enhancement." *Id.*, at 1949 (quoting *Bell Atlantic*, 550 U.S. at 557). Moreover, "Thread-bare recitals of the elements of a cause of action, supported by mere

conclusory statements do not suffice." *Id.* Defendant, City of Chicago, asserts that Plaintiff's allegations amount to formulaic assertions that are lacking any factual support, therefore failing to meet the necessary pleading standards.

Plaintiff attempts to distinguish *Iqbal* from his own case by highlighting the vague and conclusory nature of *Iqbal's* complaint as well as the unique circumstances surrounding the case. Plaintiff refers to the *Iqbal* decision as "context specific," especially when one considers the unique nature of New York City September 11 attacks, upon which it is based. Plaintiff submits that the unique and unprecedented circumstances surrounding the September 11 events led the Court to take a common sense and context-specific approach to the case. Furthermore, plaintiff contends the vague threadbare nature of the allegations in Iqbal's complaint are in stark contrast to the instant complaint. Plaintiff asserts his allegations are neither vague nor conclusory and points to the facts of the case and common sense for support.

Defendant also contends that Plaintiff's Complaint does not meet the necessary elements of a *Monell* claim. Defendant asserts Claim V fails to offer any factual support for its allegations that the City was deliberately indifferent as to the policy of constitutional violations by particular officers. Furthermore, the deliberate indifference of a policymaker will only support *Monell* liability when the alleged practice is widespread and well-settled. Defendant claims that Plaintiff offers no facts to support the conclusion that the policy of constitutional violations by particular officers was widespread and well-settled. Defendant asserts that Plaintiff fails to establish the causal link between the City's policymaker and his *Monell* injury because: (1) Plaintiff does not allege that the City had an express policy that caused a constitutional depravation; (2)

Plaintiff does not allege that a person with final policymaking authority caused Plaintiff's alleged constitutional depravation; and (3) Plaintiff does not allege that these policies were widespread or permanent. *McCormick v. City of Chicago*, 230 F. 3d 319 (7th Cir. 2007). Defendant contends that Plaintiff has failed to establish a basic element of a *Monell* claim; therefore, Count V of the Complaint should be dismissed.

Plaintiff contends that Count V of his Complaint sufficiently pleads a *Monell* claim, specifically the necessary element of causation. Plaintiff attempts to distinguish the instant case from *Latuszkin v. City of Chicago*, 250 F.3d 502 (7th Cir. 2001) (*Latuszkin*), in order to show that he has adequately shown causation. In *Latuszkin*, a man was killed in an auto accident by a police officer that had been drinking with other police officers behind a police station after work. *Latuszkin*, 250 F.3d at 502. The plaintiff alleged that the Chicago Police Department had a policy of condoning these police parties; however the court ruled that the plaintiff did not state a *Monell* claim because the claim was attributed to the police department and not to the City of Chicago. *Id.*, at 505.

Plaintiff contends *Latuszkin* is not controlling here because his Complaint specifically alleges that the City of Chicago was at fault. Plaintiff alleges that the City of Chicago knew, or should have known, of the misconduct and failed to take any action. Furthermore, Plaintiff alleges that the misconduct was widespread and points to the number of complaints filed against Special Operation Section (SOS) officers as evidence. Therefore, Plaintiff contends that Defendant's motion to dismiss should be denied because he has adequately met the pleading standards and sufficiently stated a proper *Monell* claim.

Plaintiff's allegations, even viewed in the light most favorable to him, cannot be viewed to sufficiently support a *Monell* claim. Plaintiff's allegations largely amount to a recital of the elements of a *Monell* claim supported by conclusory statements that are absent any factual enhancement. Despite Plaintiff's attempt to distinguish his Complaint from *Latuszkin*, Count V is analogous in that they both make similar allegations that fall short of pleading a proper *Monell* claim. Specifically, both fail to allege that the policymakers of the municipality were the moving force behind the conduct, or that the conduct was so widespread that the policymakers should have been aware of it. *Latuszkin*, 250 F.3d at 505. In fact, Plaintiff's only mention of this simply states that the "City of Chicago policymakers knew or should have known of the ongoing constitutional violations by officers in the SOS unit, and were deliberately indifferent." These allegations do not rise above the level of a formulaic recitation of the elements, nor does it adequately show a causal link between the City's policymaker and Plaintiff's injury. *Iqbal*, 129 S. Ct. at 1949. Count V of Plaintiff's complaint fails both to meet the proper pleading standards and to state the necessary elements of a *Monell* claim.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss Count V of the Third-Amended Complaint is granted. Plaintiff is granted leave to file an amended complaint within fourteen days of this order if he can do so in accordance with this opinion and Rule 11.

Date: August 28, 2009

JOHN W. DARRAH
United States District Court Judge

6